**Henry WILLIAMS, Petitioner,**

v.

**STATE OF OKLAHOMA et al.,**
**Respondents.**

**Civ. No. 75–0519–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

June 30, 1975.

---

1. Interest is not allowable until judgment date in this type of case pursuant to Section 2674, Title 28, U.S.C.

Henry Williams pro se.

---

ORDER

DAUGHERTY, Chief Judge.

The Court has examined the "Petition for Writ of Habeas Corpus", together with Motion for Leave to Proceed in Forma Pauperis and required affidavit presented to the Clerk of this Court. It appears therefrom that the petitioner is a prisoner confined in the New Mexico State Penitentiary at Santa Fe, New Mexico, who seeks in this proceeding to have dismissed the charge of Use of a False and Bogus Check in violation of 21 O.S.1971, § 1541.3, now pending against him in the District Court of Oklahoma County, Case No. CRF–74–998. As grounds for relief he contends that he has been denied his constitutional rights to a speedy trial because the charges have been pending since February 19, 1974, and the respondent has known his whereabouts during all the time that has elapsed.

It appears that in Case No. H–75–270, petitioner filed a Petition for Writ of Habeas Corpus in the Court of Criminal Appeals of the State of Oklahoma which was dismissed on June 2, 1975. In dismissing the petition, the Court stated:

> "We take notice of the fact that the State of Oklahoma has made application for extradition of the defendant from New Mexico to Oklahoma and further that a warrant for the defendant and application for extradition has been forwarded to the New Mexico penitentiary as of April 22, 1975.

> "The facts herein demonstrate that the State is pursuing extradition proceedings with diligence and nothing before us necessitates a drastic remedy of dismissal of said charges. We refer the Petitioner to the principles and guidelines regarding a speedy trial as set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

> "In passing, we note that the instant order does not preclude Petitioner from seeking further relief in this Court, if and when said extradition proceedings are not completed within a reasonable time."

Although this Court may have jurisdiction under 28 U.S.C. § 2241(c)

(3), it should not, absent extraordinary circumstances, interfere with the judicial administration and process of state court prior to trial and conviction, even though the state prisoner claims that he is being held in violation of the Constitution. *Ex Parte Royall*, 117 U.S. 241 6 S.Ct. 734, 29 L.Ed. 868 (1886). In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) the Supreme Court held that a state prisoner who has exhausted all available state remedies and is seeking a prompt trial is entitled to have his claim of the present denial of a speedy trial considered in a federal habeas corpus proceeding. That case is readily distinguishable from that of the Petitioner Williams because Williams is not seeking a trial but rather to prohibit a trial. This distinction is vital and is recognized by the Supreme Court in *Braden* which pointed out:

". . . Petitioner does not . . seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial. *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). He has made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the *present* denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that constitutional claim, even though Kentucky has not yet brought him to trial." 410 U.S. 484, at 489, 93 S.Ct. at 1127.

". . . Moreover, petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning state judicial processes. He comes to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum." 410 U.S. 484, at 491, 93 S.Ct. at 1128.

". . . We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." 410 U.S. 484, at 493, 93 S.Ct. at 1129.

■ Here, the petitioner is seeking to litigate in this proceeding a federal defense to the criminal charges pending in the Oklahoma County District Court and to forestall the state prosecution of the charge against him. As he has the right to raise the matters herein complained of again in the District Court at the time of trial or, if he is convicted, by direct appeal to the Court of Criminal Appeals of the State of Oklahoma, and thereafter, if not satisfied, with procedures provided under the Oklahoma Post-Conviction Procedure Act, it is clear that petitioner has not satisfied his exhaustion requirements and, therefore, this Court will not undertake to adjudicate the merits of any affirmative defense petitioner may have to his pending state charge.

■ As the Application to Proceed in Forma Pauperis is supported by paper satisfying the requirements of 28 U.S.C. A. § 1915(a), leave to proceed in forma pauperis is granted and the Clerk is directed to file the case. The petition will then be dismissed.

It is so ordered.